UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEBBIE DOWELL                                                                                   PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:24-CV-420-KHJ-RPM

COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

## REPORT AND RECOMMENDATIONS

Before the Court is Plaintiff Debbie Dowell's [6] Motion for Summary Judgment. On July 19, 2024, Dowell filed a Complaint appealing from the Commissioner of Social Security's decision which denied her claims under the Social Security Act. [1]. Dowell filed an application for disability benefits on February 22, 2022, alleging disability beginning on April 15, 2020. [5] at 196. She has a high school education and past relevant work experience as a material handler and retail-store manager. *Id.* at 242, 256–58.

Dowell's claim was denied initially and on reconsideration. *Id.* at 116, 128. She requested and was granted a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 36, 43, 136. On March 19, 2024, the ALJ issued a decision denying disability benefits. *Id.* at 18–31. The ALJ found Dowell had not engaged in substantial gainful activity since the alleged onset date of April 15, 2020. *Id.* at 20. The ALJ further found Dowell had severe impairments of obesity, degenerative disc disease of the lumbar spine, hyperlipidemia, sacroiliac joint dysfunction, diabetes mellitus, chronic obstructive pulmonary disease, coronary artery disease, and osteoarthritis of the left knee.[1] *Id.* The ALJ concluded Dowell's impairment or combination of impairments did not meet any of the listings found in the Social Security regulations. *Id.* at 22.

The ALJ determined Dowell maintained the residual functional capacity ("RFC") to perform

---

[1] The ALJ also considered whether Dowell had severe impairments of depression, anxiety, and/or hypertension but found that those impairments were not severe. [5] at 20, 22.

medium work as defined in 20 C.F.R. § 404.1567(c) with the following limitations: (1) she can frequently climb, balance, stoop, kneel, crouch, and crawl; (2) she can never work at unprotected heights or around dangerous moving mechanical parts; (3) she can occasionally be exposed to concentrated pulmonary irritants such as industrial dust, odors, and gases; and (4) she can never be exposed to extreme temperatures such as heat of a blow torch or cold of a freezer. *Id.* at 23. Relying on the vocational expert's ("VE") testimony, the ALJ found Dowell was capable of performing her past relevant work as a material handler and retail-store manager. *Id.* at 29–30. In addition, the ALJ found there were other jobs which existed in significant numbers in the national economy that Dowell can perform, i.e., linen-room attendant, machine operator, and counter-supply worker. *Id.* at 30. Thus, the ALJ concluded Dowell was not disabled as defined by the Social Security Act. *Id.* at 31. The Appeals Council denied Dowell's request for review. *Id.* at 5.

On July 19, 2024, Dowell filed the instant Complaint in federal court. [1]. She then filed a Motion for Summary Judgment presenting the following issues: (1) whether the ALJ's RFC finding that she was capable of medium work is supported by substantial evidence; (2) whether the ALJ failed to properly apply 20 C.F.R. § 404.1520c to the opinion of Nurse Practitioner ("NP") Kimberly Agent with Premier Medical Group ("PMG") or, alternatively, whether the ALJ's persuasiveness findings as to NP Agent and Dr. Kerri Aaron were based upon substantial evidence in light of the additional factors requiring consideration but not explicit discussion. [6]; [7] at 1.

## Law and Analysis

### Standard of Review

The court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quoting *Whitehead v.*

*Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam)). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citing 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Afpel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 423(d)(5). The Commissioner utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under this analysis, the ALJ may decide a claimant is disabled if he or she finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the Commissioner for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010

(5th Cir. 1987). Therefore, if the claimant proves that he or she is unable to perform past relevant work, the Commissioner must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he or she cannot perform this alternative employment. *Id.*

**RFC Finding of Medium Work**

Dowell first argues the RFC finding that she was capable of medium work is not supported by substantial evidence. [7] at 6–7. The Commissioner argues substantial evidence supports the RFC finding. [9] at 6, 18. The ALJ found Dowell was capable of performing medium work as defined in 20 C.F.R. § 404.1567(c). [5] at 23. Thus, the ALJ found Dowell was capable of "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Dowell contends there were no medical opinions to support a finding of medium work. [7] at 7. Instead, Dowell says the medical opinions supported a finding of light work. *Id.* "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

Specifically, Dowell argues there were only two medical sources, i.e., NP Agent and Dr. Aaron, that provided a detailed opinion as to the lifting exertional limitation, which equated to light work or a more severe exertional limitation. [7] at 6–7. NP Agent opined that Dowell could only lift and carry less than 10 pounds due to her chronic low-back pain and lumbar disc degeneration. [5] at 533–34. The ALJ found this opinion unpersuasive but did not specifically indicate why the lifting restriction was rejected. *Id.* at 27. In addition, Dr. Aaron, a state agency consultant, found Dowell could lift and/or carry 20 pounds occasionally and 10 pounds frequently. *Id.* at 95. Dr. Aaron explained, "due to the nature of [Dowell's] musculoskeletal conditions, any further increase in weight and/or more frequent positional exposures would potentially cause

4

further joint degeneration and subsequent pain and dysfunction." *Id.* at 96. The ALJ found this opinion generally unpersuasive. *Id.* at 28. Again, the ALJ did not specifically indicate why the lifting restriction was rejected.

While Dowell only references these two opinions in her argument, the Court notes that Dr. Lewis Cylus and Dr. Bettye Stanley, who were state agency consultants, also found that Dowell could lift and/or carry 20 pounds occasionally and 10 pounds frequently. *Id.* at 102, 112. Like Dr. Aaron's opinion, the ALJ found these opinions generally unpersuasive without specifically indicating why the lifting restrictions were rejected. *Id.* at 28.

The only other opinions were those of NP Jacqueline Boyd-Drummond and Dr. Miller Jennings. *Id.* at 466–69, 512. According to NP Boyd-Drummond, Dowell reported that, among other things, her inability to lift prevented her from working. *Id.* at 512. NP Boyd-Drummond's opinion found mild limitations to Dowell's ability to bend, stoop, and crouch; however, the opinion did not find nor address any limitation to Dowell's ability to lift or carry. *Id.* The ALJ found this opinion persuasive. *Id.* at 27. As for Dr. Jennings, he opined that there were "likely mild limitations to" activities of daily living "involving lifting/carrying heavy weight and bending secondary to back pain," but he did not provide any specific weight or frequency limitations. *Id.* at 468. The ALJ found this opinion somewhat persuasive, explaining as follows:

> The mild limitations are consistent with Dr. Jennings' objective observations of [Dowell's] ability to walk without an assistive device, negative straight leg testing bilaterally when sitting, 5/5 strength in bilateral upper and lower extremities, and normal range of motion in bilateral elbows, forearms, wrists, hands, shoulders, cervical spine, hips, knees, and ankles, with only the lumbar spine having a deficit in range of motion. . . . It is further consistent with objective imaging of [Dowell's] lumbar spine showing minor arthropathy and mild degenerative changes with small joint effusion in the left knee, [Dowell's] improvement following the coronary artery stent, objective observations showing normal gait and station with no use of assistive device, and [Dowell's] ability to perform activities of daily living such as light cleaning, cooking, and laundry.

*Id.* at 26–27.

Based on the above, it appears the issue partly concerns whether Dr. Jennings' assessment of mild limitations is consistent with an RFC finding of medium work. Indeed, Dowell poses this question in her reply. [10] at 2. Dowell argues Dr. Jennings' statement of mild limitations is vague. *Id.* Some courts have disagreed that an assessment of mild limitations is always too vague for an ALJ to rely on. "This Court has rejected a bright-line rule that terms such as 'mild' and 'moderate' are always too vague: 'if the examiner conducts a thorough examination and explains the basis for the opinion,' the ALJ may rely upon it notwithstanding the use of vague terminology." *Riso v. Saul*, No. 18-CV-6863L, 2020 WL 1514697, at *2 (W.D.N.Y. Mar. 30, 2020).

In the Second Circuit, courts regularly have held that an assessment of mild limitations is consistent with an RFC for light work. "The assessment of mild-to-moderate limitations is generally consistent with an RFC for light work." *Jennifer S. v. Comm'r of Soc. Sec.*, 771 F. Supp. 3d 256, 267 (W.D.N.Y. 2025); *see Bethany A. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1267, 2022 WL 170405, at *4 (W.D.N.Y. Jany. 18, 2022) ("[C]ourts within the Second Circuit have found that a doctor's assessment of 'mild' and 'moderate' limitations supportive of an RFC for light work." (collecting cases)). However, these cases do not necessarily hold that an assessment of mild limitations would be inconsistent with an RFC for medium work. *See* 20 C.F.R. § 404.1567(c) ("If someone can do medium work, we determine that he or she can also do sedentary and light work."). Indeed, courts in the Second Circuit "have also concluded an RFC for medium work [can be] consistent with 'mild to moderate' limitations." *Cain S. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1513, 2022 WL 17252414, at *4 (W.D.N.Y. Nov. 28, 2022) (collecting cases). "[A] finding of mild to moderate limitations, when read together with additional evidence in the record,

6

may support a determination [that] plaintiff could perform the demands of light and/or medium work." *Id.*

In addition to courts in the Second Circuit, a court within the Fifth Circuit held that mild exertional limitations are consistent with light work; however, the court added that mild limitations with lifting and carrying weight "suggests a much greater ability to lift and carry than the upper limits of light work." *Williams v. Colvin*, No. H-15-82, 2016 WL 1182220, at *8 (S.D. Tex. Mar. 28, 2016); *see Mckinney v. Astrue*, No. 4:09-CV-131, 2011 WL 824666, at *1–5 (S.D. Miss. Feb. 11, 2011).  Based on the above persuasive authority, the Court finds that an assessment of mild limitations is not necessarily inconsistent with medium work.

Nevertheless, the Court concludes that it is unable to determine whether the ALJ's RFC finding of medium work is supported by substantial evidence.  Mild limitations in lifting or carrying weight may or may not be consistent with an RFC for medium work; but the Court has no way of evaluating which is true since the ALJ did not specifically explain her reasoning.  *Allen N. v. Comm'r of Soc. Sec.*, No. 21-CV-00007, 2023 WL 34799, at *4 (W.D.N.Y. Jan. 4, 2023).  The ALJ's RFC finding assumes, without explanation, that Dowell is capable of medium work, which consists of "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).  While Dr. Jennings opined that there were mild limitations in lifting or carrying heavy weight, it is unclear how the ALJ translated this opinion to mean that Dowell was capable of medium work because there is no explanation of her reasoning.[2]

The court in *Cuzzo v. Kijakazi*, No. 3:21-CV-447, 2022 WL 3701624, at *4 (M.D. Pa. Aug. 26, 2022), was presented with a nearly identical issue as the one presented here.  In that case, the

---

[2] Moreover, Dr. Jennings qualified his opinion by stating there were *likely* mild limitations. [5] at 468.

7

court ultimately concluded that "[t]he discussion of the evidence was not sufficient to permit meaningful judicial review of the ALJ's decision." *Id.* at *9. Namely, "[m]ore of an explanation was required regarding [the consultative examiner's] mild to moderate lifting and carrying restrictions due to the general nature of the opinion." *Id.* at *8. Like *Cuzzo*, the ALJ here failed to discuss Dowell's "specific lifting and/or carrying restrictions and its significance in the context of the ability to perform medium work as evidenced by the definition of medium work . . . ." *Id.* at 9.

Lastly, there are no opinions in the record that *expressly* provide lifting or carrying restrictions (i.e., weight or frequency limitations) consistent with medium work. But there are multiple opinions in the record that expressly provide lifting or carrying restrictions consistent with light work. As previously discussed, the ALJ fails to specifically indicate why these restrictions were rejected.[3] Dowell states that "a finding of 'light' exertional limitation would have resulted in [her] being found disabled due to her age and past work as composite at medium level[.]" [7] at 7. Because this issue could be determinative of a claimant's claim, the ALJ is obligated to explain her reasoning as to the RFC finding of medium work. *See Keith M. B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01257, at *5 (W.D.N.Y. July 26, 2022) (finding that the ALJ "was obligated to explain his reasoning, as this issue could be determinative of [the plaintiff's] claim").

Without more, the Court cannot determine whether the RFC finding of medium work is supported by substantial evidence. *See Reynolds v. Colvin*, No. 3:13-CV-396, 2014 WL 4184729,

---

[3] Additionally, "the ALJ cannot summarize the entire record and summarily conclude that, in light of that record, one medical opinion is persuasive and the other is not persuasive." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (citation omitted). The Court notes that the ALJ merely repeats certain reasoning, providing the following word-for-word recitation of the evidence no less than six times in her decision: "objective imaging of the claimant's lumbar spine showing minor arthropathy and mild degenerative changes with small joint effusion in the left knee, claimant's improvement following the coronary artery stent, objective observations showing normal gait and station with no use of assistive device, and claimant's ability to perform activities of daily living such as light cleaning, cooking, and laundry." [5] at 24, 27–29.

8

at *5 (N.D.N.Y. Aug. 21, 2014) ("A reviewing court . . . cannot decide whether the ultimate decision is supported by substantial evidence or not. In such circumstance, it must remand the action for further clarification."). "[T]he distinction between medium work and light work and [the claimant's] lifting and carrying abilities warrant further consideration and detailed discussion." *Cuzzo*, 2022 WL 3701624, at *9. Thus, the Court recommends that Dowell's Motion for Summary Judgment be granted and that remand is required.[4]

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Dowell's Motion for Summary Judgment be GRANTED and that the decision of the Commissioner be REVERSED and REMANDED for further consideration.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[4] Since remand is appropriate, the Court need not reach Dowell's other arguments. *See, e.g., Morgan v. Colvin*, 803 F.3d 773, 775 (5th Cir. 2015).

appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 25th day of July 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE