UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEBBIE DOWELL                                                                                   PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:24-CV-420-KHJ-RPM

COMMISSIONER OF SOCIAL                                                             DEFENDANT
SECURITY

### ORDER

Before the Court is Magistrate Judge Robert P. Myers, Jr.'s [11] Report and Recommendation. The Court adopts the [11] Report. The Court therefore grants Plaintiff Debbie Dowell's [6] Motion for Summary Judgment, reverses Defendant Commissioner of Social Security's decision, and remands this case for further proceedings.

The [11] Report well describes the events giving rise to this Social Security appeal:

> Dowell filed an application for disability benefits on February 22, 2022, alleging disability beginning on April 15, 2020. She has a high school education and past relevant work experience as a material handler and retail-store manager.
>
> Dowell's claim was denied initially and on reconsideration. She requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On March 19, 2024, the ALJ issued a decision denying disability benefits. The ALJ found Dowell had not engaged in substantial gainful activity since the alleged onset date of April 15, 2020. The ALJ further found Dowell had severe impairments of obesity, degenerative disc disease of the lumbar spine, hyperlipidemia, sacroiliac joint dysfunction, diabetes mellitus, chronic obstructive pulmonary disease, coronary artery disease, and osteoarthritis of the left knee. The ALJ concluded Dowell's impairment or combination of impairments did not meet any of the listings found in the Social Security regulations.

> The ALJ determined Dowell maintained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with the following limitations: (1) she can frequently climb, balance, stoop, kneel, crouch, and crawl; (2) she can never work at unprotected heights or around dangerous moving mechanical parts; (3) she can occasionally be exposed to concentrated pulmonary irritants such as industrial dust, odors, and gases; and (4) she can never be exposed to extreme temperatures such as heat of a blow torch or cold of a freezer. Relying on the vocational expert's ("VE") testimony, the ALJ found Dowell was capable of performing her past relevant work as a material handler and retail-store manager. In addition, the ALJ found there were other jobs which existed in significant numbers in the national economy that Dowell can perform, i.e., linen-room attendant, machine operator, and counter-supply worker. Thus, the ALJ concluded Dowell was not disabled as defined by the Social Security Act. The Appeals Council denied Dowell's request for review.
> 
> On July 19, 2024, Dowell filed the instant Complaint in federal court. She then filed a Motion for Summary Judgment presenting the following issues: (1) whether the ALJ's RFC finding that she was capable of medium work is supported by substantial evidence; (2) whether the ALJ failed to properly apply 20 C.F.R. § 404.1520[(c)] to the opinion of Nurse Practitioner ("NP") Kimberly Agent with Premier Medical Group ("PMG") or, alternatively, whether the ALJ's persuasiveness findings as to NP Agent and Dr. Kerri Aaron were based upon substantial evidence in light of the additional factors requiring consideration but not explicit discussion.

[11] at 1–2 (citation modified).

The [11] Report concludes that the Court "is unable to determine whether the ALJ's RFC finding of medium work is supported by substantial evidence." *Id.* at 7. "Mild limitations in lifting or carrying weight may or may not be consistent with an RFC for medium work; but the Court has no way of evaluating which is true since the ALJ did not specifically explain her reasoning." *Id.*; *see also id.* at 7–9. And so the [11] Report recommends reversing the Commissioner's decision and remanding this case for further proceedings. *Id.* at 9.

When no party objects to a magistrate judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

The [11] Report notified the parties that failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636(b)(1). [11] at 9–10. The parties did not object to the [11] Report, and the time to do so has passed. The Court finds that the [11] Report is not clearly erroneous, an abuse of discretion, or contrary to law. So the Court adopts the [11] Report as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS Magistrate Judge Robert P. Myers, Jr.'s [11] Report and Recommendation; GRANTS Plaintiff Debbie Dowell's [6] Motion for Summary Judgment; REVERSES Defendant Commissioner of Social Security's decision; and REMANDS this case for further proceedings. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 11th day of August, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE